The PRESIDENT
delivered the opinion of the court.
The question is, whether a Court of Equity, upon the agreement, and the facts stated, will compelí Hansborough to convey his land, upon receiving the value thereof, to be ascertained either by the price which Smallwood gave Mercer; by appointing new valuers, or by a jury. — It is to be premised, that Smallwood, is in no better, or worse situation than Mercer, since he purchased with notice of the written agreement, without any further information, or promise from Hansborough, who is not bound by any mistaken opinion formed of that agreement, either by Smallwood, or by his counsel. He seems to have considered as fixed, sundry events, then contingent; namely, that the arbitrators would decide the title, and, if in favor of Hans-borough, that they would ascertain the price to be paid for the land, and that Mercer would, in case that price was not discounted by his claim, pay the value, or give bond with satisfactory security for ihe same. If all these things had been done Hansborough would indeed have been com-pellible in equity to convey. But Smallwood never could conceive, that Hansborough was to convey his land at all events, without even knowing the price he was to receive for it, or without having any satisfactory assurance, that he should ever get any thing. Such a *conveyance I believe no Court of Equity ever compelled a defendant to make.
It was contended by Mr. Marshall, that *524 the sale was not refered to arbitration, but was made by the parties themselves, and that the arbitrators were only to settle the value. It would seem a strange sale, in which such necessary ingredients, as price, and the vendor’s right to sell, were in sus-pence. It would be more properly described, by calling it an inchoate contract for a sale, provided the arbitrators determined in favor of the vendor’s title, fixed the price, and that the other requisites were complied with, none of which were done, and consequently the contract never was compleated.
In cases of bonds to perform awards, there are two remedies, 1st, at law upon the bond, in which, a plea that the arbitrators made no award, would, if true, defeat the plaintiff’s action. 2dly, If any act be awarded to be done, for which a compleat remedy cannot be had at law, such as to make a conveyance, a bill in equity for a specific performance of the award is common and proper. But how the Court can decree the specific performance of the condition of a bond to perform an award, when in fact no award has been or can be made, is not discernable. But the bond is relied upon, as containing an agreement to sell, which agreement is sought to be specifically executed. That agreement it has been shewn was only a treaty, never brought to perfection, for want of the award. And that this was the effect of the arbitrators refusing to act, seems to have been well understood, both by Mercer and Hansborough. The former makes new propositions which the other declines, and brings his ejectment, and Mercer brings his action of covenant, each pursuing his original remedy, as if no agreement had ever subsisted. It is true, if the agreement had been perfect, (since Smallwood purchased under it, and both'the defendants knew it,) and they had consented to dissolve it, it would have been a fraud upon the plaintiff, against which, a Court of Equity would have relieved. But'no such ingredient appears, and every thing depends upon the original agreement. That agreement never having been perfected, there is no foundation for the interposition of the Court of Equity, and therefore we affirm the decree.